**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known)*: _____    Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | Debtor's Name | **QualTek Management, LLC** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** |
| 3. | Debtor's federal Employer Identification Number (EIN) | 3  2  –  0  4  4  3  9  3  3 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **475 Sentry Parkway E**<br>Number          Street | <br>Number          Street |
| **Suite 200** | P.O. Box |
| **Blue Bell, Pennsylvania 19422**<br>City                State      Zip Code | City                State      Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Montgomery County**<br>County | <br>Number          Street |
| | <br>City                State      Zip Code |

5. **Debtor's website** (URL)        **https://www.qualtekservices.com/**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor     **QualTek Management, LLC**          Case number *(if known)* _____
         Name

---

**7.**   **Describe debtor's business**

     A. *Check One:*

     ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

     ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

     ☐ Railroad (as defined in 11 U.S.C. § 101(44))

     ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

     ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

     ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

     ☒ None of the above

     B. *Check all that apply:*

     ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

     ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

     ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

     C.   NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
     **2371 (Utility System Construction)**

---

**8.**   **Under which chapter of the Bankruptcy Code is the debtor filing?**

     A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box

     *Check One:*

     ☐ Chapter 7

     ☐ Chapter 9

     ☒ Chapter 11   *Check all that apply:*

         ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

         ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

         ☒ A plan is being filed with this petition.

         ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

         ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

         ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

     ☐ Chapter 12

---

**9.**   **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

     If more than 2 cases, attach a separate list.

     ☒ No
     ☐ Yes.

     District _____ When _____ Case number _____
                          MM/DD/YYYY

     District _____ When _____ Case number _____
                          MM/DD/YYYY

---

| Debtor | **QualTek Management, LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| | | | | |
|---|---|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No ☒ Yes. | Debtor **See Rider 1** | Relationship | **Affiliate** |
| List all cases. If more than 1, attach a separate list. | | District **Southern District of Texas** | When | **05/24/2023** MM / DD / YYYY |
| | | Case number, if known _____ | | |

**11. Why is the case filed in *this* district?**

Check all that apply:

☐  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐  It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐  It needs to be physically secured or protected from the weather.

☐  It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| | |
|---|---|
| Number  Street | |

| | | |
|---|---|---|
| City | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

| | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☒ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

Debtor   __**QualTek Management, LLC**_____   Case number *(if known)* _____
         Name

| 15. Estimated assets (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __**05/24/2023**____
             MM/ DD / YYYY

✗   __*/s/ Cari Turner*_____          **Cari Turner**_____
Signature of authorized representative of debtor       Printed name

Title   __**Chief Restructuring Officer**_____

| 18. Signature of attorney | ✗   __*/s/ Genevieve M. Graham*_____   Date   __**05/24/2023**____ |
|---|---|

Signature of attorney for debtor                                  MM/DD/YYYY

**Genevieve M. Graham**_____
Printed name

**Jackson Walker L.L.P.**_____
Firm name

**1401 McKinney Street, Suite 1900**_____
Number                    Street

**Houston**_____   **Texas**____   **77010**_____
City                                State        ZIP Code

**(713) 752-4200**_____   **ggraham@jw.com**_____
Contact phone                       Email address

**24085340**_____   **Texas**_____
Bar number              State

<table>
<tr><td colspan="2" style="background:black;color:white"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br><br> <strong>Southern District of Texas</strong> (State) </td></tr>
<tr><td>Case number <em>(if known)</em>: _____</td><td>Chapter ___11___</td></tr>
</table>

☐ Check if this is an
amended filing

<strong><u>Rider 1</u></strong>
<strong><u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u></strong>

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of QualTek Services Inc.

- QualTek Services Inc.
- AdvanTek Electrical Construction, LLC
- Concurrent Group LLC
- NX Utilities ULC
- QualSat, LLC
- QualTek Buyer, LLC
- QualTek Fulfillment LLC
- QualTek HoldCo, LLC
- QualTek LLC
- QualTek Management, LLC
- QualTek MidCo, LLC
- QualTek Recovery Logistics LLC
- QualTek Renewables LLC
- QualTek Wireless LLC
- QualTek Wireline LLC
- Site Safe, LLC
- The Covalent Group LLC
- Urban Cable Technology LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| QUALTEK MANAGEMENT, LLC, | ) |
|  | ) |
| Debtor. | ) |
|  | ) |

Chapter 11

Case No. 23-_____(____)

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| QualTek MidCo, LLC | 475 Sentry Parkway E, Suite 200 Blue Bell, Pennsylvania 19422 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| QUALTEK MANAGEMENT, LLC, | ) Case No. 23-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| QualTek MidCo, LLC | 100% |

**Fill in this information to identify the case:**

Debtor name **QualTek Services Inc.**

United States Bankruptcy Court for the: **Southern District of Texas**

(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases:  Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).   Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim[1] |
| 1 | WILMINGTON TRUST, NATIONAL ASSOCIATION AS TRUSTEE 1100 N. MARKET STREET WILMINGTON, DE 19890 UNITED STATES  - AND -  WILMINGTON TRUST, NATIONAL ASSOCIATION AS TRUSTEE 50 SOUTH SIXTH STREET, SUITE 1290 MINNEAPOLIS, MN 55402 ATTENTION: QUALTEK NOTES ADMINISTRATOR | ATTN: QUINTON M. DEPOMPOLO PHONE: (302) 651-1000 & (612) 217-5642 EMAIL: QDEPOMPOLO@WILMINGTONTRUST.COM FAX: (612) 217-5651 | SR UNSECURED NOTES | | | | $124,685,000 |
| 2 | TRA HOLDER REPRESENTATIVE BCP QUALTEK, LLC 650 5TH AVENUE NEW YORK, NY 10019 UNITED STATES | ATTN: ANDREW WEINBERG PHONE: (212) 430-2500 EMAIL: ANDREW@BRIGHTSTARCP.COM  - AND -  ATTN: MATTHEW ALLARD PHONE: (212) 430-2500 EMAIL: MATTHEW@BRIGHTSTARCP.COM | TAX RECEIVABLE AGREEMENT | | | | $15,084,000 |

[1]    Unsecured claim amount is based on liabilities in AP as of May 19, 2023.

Debtor __QualTek Services Inc., et al__                                                Case number *(if known)* _____
      Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim[1] |
| 3 | NETWORK WIRELESS SOLUTIONS, LLC 101 W CHAPEL HILL ST, STE 210 DURHAM, NC 27701-3255 UNITED STATES | ATTN: XAVIER WILLIAMS PHONE: (919) 294-6497 EMAIL: XAVIER@NWSWIRELESS.COM | TRADE PAYABLE | | | | $2,676,642 |
| 4 | INDUSTRIAL COMMUNICATIONS, LLC 40 LONE STREET MARSHFIELD, MA 02050 UNITED STATES | ATTN: MICHAEL UMANO PHONE: (781) 319-1000 EMAIL: MJUMANO@INDUSTRIALCOMMUNICATIONS.COM FAX: 781-837-4000 | TRADE PAYABLE | | | | $2,650,346 |
| 5 | TALLEY INC 12976 SANDOVAL ST. SANTA FE SPRINGS, CA 90670 UNITED STATES | ATTN: MARK TALLEY PHONE: (562) 906-8000 EMAIL: MTALLEY@TALLEYCOM.COM | TRADE PAYABLE | | | | $2,237,017 |
| 6 | APEX SITE SOLUTIONS 9749 KENT ST ELK GROVE, CA 95624 UNITED STATES | ATTN: KENNY BLAKESLEE PHONE: (916) 685-8619 EMAIL: KENNY@APEXSITESOLUTIONS.COM | TRADE PAYABLE | | | | $1,770,608 |
| 7 | CIGNA 900 COTTAGE GROVE ROAD BLOOMFIELD, CT 06002 UNITED STATES | ATTN: DAVID CORDANI TITLE: CEO PHONE: (800) 244-6224 EMAIL: DAVID.CORDANI@CIGNA.COM | TRADE PAYABLE | | | | $1,150,715 |
| 8 | R.L. CLOTWORTHY CONSTRUCTION, INC 26079 JEFFERSON AVENUE MURRIETA, CA 92562-6983 UNITED STATES | ATTN: RICK CLOTWORTHY TITLE: PRESIDENT PHONE: (951) 693-5130 EMAIL: RICK@CLOTWORTHYCONSTRUCTION.COM FAX: (951) 693-5240 | TRADE PAYABLE | | | | $1,099,799 |
| 9 | G&A INNOVATION CONSTRUCTION 16731 SANTA ANA AVE PMB 310879 FONTANA, CA 92337 UNITED STATES | ATTN: GERARDO ROBLES TITLE: PRESIDENT PHONE: (714) 200-3642 EMAIL: GROBLES@GAINNOVATIONS.COM | TRADE PAYABLE | | | | $1,056,866 |
| 10 | ATLAS ENGINEERING CONSTRUCTION INC 1333 BIG BEN ROAD LINCOLN, CA 95648 UNITED STATES | ATTN: CARLY CRAWFORD TITLE: OWNER PHONE: (916) 717-5886 EMAIL: CCRAWFORD@ATLASTELECOM.NET | TRADE PAYABLE | | | | $945,468 |
| 11 | CREATIVE WORKS 5070 MOUNTAIN LAKES BLVD REDDING, CA 96003 UNITED STATES | ATTN: ERIC MASON TITLE: OWNER PHONE: (530) 949-0824 EMAIL: SUPERIORTRAFFICE@YAHOO.COM | TRADE PAYABLE | | | | $941,100 |

Debtor __QualTek Services Inc., et al__
       Name

Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim[1] |
| 12 | BAYONE SOLUTIONS, INC. 4637 CHABOT DR #250 PLEASANTON, CA 94588 UNITED STATES | ATTN: YOGESH VIRMANI TITLE: CEO/CO-FOUNDER PHONE: (888) 537-8068 EMAIL: YVIRMANI@BAYONE.COM | TRADE PAYABLE | | | | $932,745 |
| 13 | RLS-CMC, INC. 8804 W. SPANISH RIDGE AVENUE, SUITE 100 LAS VEGAS, NV 89148 UNITED STATES | ATTN: ROGER SANCHEZ TITLE: PRESIDENT PHONE: (800) 909-7568 EMAIL: ROGER.SANCHEZ@RLS-CMC.COM | TRADE PAYABLE | | | | $923,589 |
| 14 | VALMONT TELECOMMUNICATIONS INC 15000 VALMONT PLAZA OMAHA, NE 68154 UNITED STATES | ATTN: STEPHEN KANIEWSKI TITLE: CEO PHONE: (402) 963-1000 EMAIL: SKANIEWSKI@VALMONT.COM | TRADE PAYABLE | | | | $915,126 |
| 15 | NRCI TELECOM 265 APPLEGATE SCHOOL RD APPLEGATE, CA 95703 UNITED STATES | ATTN: TERRY ROGERS TITLE: VP PHONE: (530) 878-3970 EMAIL: TERRYROGERS@NRCITELECOM.COM | TRADE PAYABLE | | | | $855,323 |
| 16 | LYNX WIRELESS SERVICES, LLC 5100 BALD CYPRESS LN MCKINNEY, TX 75071 UNITED STATES | ATTN: JEFF SOKOLOSKY TITLE: PRESIDENT PHONE: (214) 592-3873 EMAIL: JEFF@LWSWIRELESS.COM | TRADE PAYABLE | | | | $823,310 |
| 17 | TRI-SQUARE CONSTRUCTION COMPANY, INC 994 HILLSDALE CIRCLE EL DORADO HILLS, CA 95762 UNITED STATES | ATTN: SHANNON BAGGALEY TITLE: CFO PHONE: (916) 933-3530 EMAIL: SHANNON@TRI-SQUARE.COM FAX: (916) 933-3509 | TRADE PAYABLE | | | | $792,162 |
| 18 | QUALITY TELECOM CONSULTANTS, INC. 4175 CINCINNATI AVENUE ROCKLIN, CA 95765 UNITED STATES | ATTN: LAYUNIE MATTHEWS TITLE: CFO PHONE: (916) 315-0500 EMAIL: LMATTHEWS@QUALITYTELECOMINC.COM | TRADE PAYABLE | | | | $735,360 |
| 19 | TRICOM NETWORKS INC 24335 PRIELIPP RD STE108 WILDOMAR, CA 92595 UNITED STATES | ATTN: SCOT PAYNE TITLE: COO PHONE: (800) 317-8957 EMAIL: SPAYNE@TRICOMNETWORKS.COM | TRADE PAYABLE | | | | $710,340 |
| 20 | NORTHEAST UNION INC 2424 STATE RD. #7 BENSALEM, PA 19020 UNITED STATES | ATTN: KONSTANTIN SINKEVICH TITLE: PRESIDENT PHONE: (267) 997-5403 EMAIL: KONSTANTIN@NORTHEASTUNION.COM FAX: (215) 754-4623 | TRADE PAYABLE | | | | $694,082 |

Debtor  **QualTek Services Inc., et al**                                    Case number *(if known)* _____
　　　　　　　Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim[1] |
| 21 | INTEGER TELECOM SERVICES INC 4200 MAPLESHADE LN, STE100 PLANO, TX 75093 UNITED STATES | ATTN: AMAR UPPALAPATI TITLE: FOUNDER PHONE: (972) 539-4100 EMAIL: AMAR@INTEGERTEL.COM | TRADE PAYABLE | | | | $687,945 |
| 22 | SPECIALTY CONSTRUCTION, INC 645 CLARION COURT SAN LUIS OBISPO, CA 93401 UNITED STATES | ATTN: CHRIS TEAFORD TITLE: CFO PHONE: (805) 543-1706 EMAIL: CTEAFORD@SPECIALTYCONSTRUCTION.COM | TRADE PAYABLE | | | | $641,018 |
| 23 | PPL ELECTRIC UTILITIES CORP 2 N NINTH ST ALLENTOWN, PA 18104-9392 UNITED STATES | ATTN: VINCENT SORGI TITLE: CEO PHONE: (610) 774-5151 EMAIL: VSORGI@PPLWEB.COM | TRADE PAYABLE | | | | $631,182 |
| 24 | SUNBELT RENTALS, INC 2341 DEERFIELD DR FORT MILL, SC 29715 UNITED STATES | ATTN: BRENDAN HORGAN TITLE: CEO PHONE: (803) 578-5811 EMAIL: BHORGAN@SUNBELTRENTALS.COM | TRADE PAYABLE | | | | $630,138 |
| 25 | CJB COMMUNICATIONS, INC. 11419 SUNRISE GOLD CIRCLE 1 RANCHO CORDOVA, CA 95742 UNITED STATES | ATTN: ZACH RASMUSSEN TITLE: CEO PHONE: (530) 402-1370 EMAIL: ZACH@CJBCOMMUNICATIONS.NET | TRADE PAYABLE | | | | $616,302 |
| 26 | HOTELENGINE, INC 950 S CHERRY ST, 10TH FLOOR DENVER, CO 80246 UNITED STATES | ATTN: ELIA WALLEN TITLE: CEO PHONE: (855) 567-4683 EMAIL: ELIA@HOTELENGINE.COM | TRADE PAYABLE | | | | $589,076 |
| 27 | MASTER INSIDE CORP 46-21 54TH RD MASPETH, NY 11378 UNITED STATES | ATTN: HECTOR VALLEJO TITLE: CEO PHONE: (917) 847-3958 EMAIL: HECTORV@MASTERICORP.COM | TRADE PAYABLE | | | | $573,330 |
| 28 | CS MOBILE INC 2591 DALLAS PKWY STE. 300 FRISCO, TX 75034 UNITED STATES | ATTN: CASEY SOUTHER TITLE: CEO PHONE: (214) 491-6171 EMAIL: CASEYS@CSMOBILEINC.COM | TRADE PAYABLE | | | | $572,140 |
| 29 | SWARTLEY BROTHERS ENGINEERS 10 SCHOOLHOUSE RD #1 SOUDERTON, PA 18964 UNITED STATES | ATTN: GREG WEIKEL TITLE: MANAGER PHONE: (215) 368-7400 EMAIL: GWEIKEL@SWARTLEY.COM | TRADE PAYABLE | | | | $571,579 |

Debtor __**QualTek Services Inc., et al**__
          Name

Case number (*if known*) _____

| Name of creditor and complete mailing address, including zip code | | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim[1] |
| 30 | CONSTRUCTION SERVICES OF BRANFORD, LLC 63 N BRANFORD RD # 3 BRANFORD, CT 06405 UNITED STATES | ATTN: CARLO CENTORE TITLE: MANAGING MEMBER PHONE: (203) 488-0712 EMAIL: CCENTORE@CSOFB.COM FAX: (203) 481-1135 | TRADE PAYABLE | | | | $561,247 |

## OMNIBUS ACTION BY UNANIMOUS
## WRITTEN CONSENT OF THE GOVERNING BODY

### Dated as of May 23, 2023

The undersigned, being (i) all of the members of the board of directors, (ii) the sole member, (iii) sole managing member or (iv) sole manager, as applicable (collectively or individually, as the context so requires, the "Governing Body") of each of the entities listed on **Schedule I** hereof (each, a "Company" and collectively, the "Companies"), by their signatures below or on a counterpart hereof, in lieu of holding a meeting of the Governing Body, hereby take the following actions and adopt the following resolutions (the "Resolutions") by unanimous written consent, pursuant to the applicable bylaws or limited liability company agreements of each Company and the applicable laws of the jurisdiction in which such Company is organized.

### RESOLUTIONS

**Chapter 11 Filing**

WHEREAS, the Governing Body has considered presentations by the financial and legal advisors of each Company regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business; and

WHEREAS, the Governing Body has had the opportunity to consult with the financial and legal advisors of the Companies and fully considered each of the strategic alternatives available to the Companies.

WHEREAS, the special committee (the "Committee") of the Board of Directors of QualTek Services Inc. (the "Board") was formed pursuant to that certain Unanimous Written Consent of the Board of Directors of QualTek Services Inc., dated January 31, 2023 (the "Committee Resolutions");

WHEREAS, pursuant to the Committee Resolutions, the Committee is authorized to take all actions it deems necessary, advisable, or appropriate in connection with and in order to carry out, comply with, and effectuate the purposes and intents of the Committee Resolutions; and

WHEREAS, the Committee has had the opportunity to consult with the financial and legal advisors of the Companies and review the chapter 11 preparation materials provided by the

financial and legal advisors, and, to the extent of any Conflict Matter (as defined in the Committee Resolution), the Committee recommends the adoption of the Resolutions.

NOW, THEREFORE, BE IT,

RESOLVED, that in the business judgment of the Governing Body, it is desirable and in the best interests of each Company (including a consideration of its creditors and other parties in interest) that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

RESOLVED, that the chief executive officer, the chief financial officer, the chief restructuring officer, the general counsel, or any other duly appointed officer of each Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories, be, and they hereby are, authorized, empowered and directed to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business;

**Retention of Professionals**

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Jackson Walker LLP ("Jackson Walker") as local bankruptcy counsel and conflicts counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jackson Walker.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm Jefferies LLC ("Jefferies") as investment banker to, among other things, assist each Company in evaluating its business and prospects, developing a long-term

business plan, developing financial data for evaluation by the Board, creditors, or other third parties, as requested by each Company, evaluating each Company's capital structure, responding to issues related to each Company's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of each Company's assets; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Alvarez & Marsal, ("A&M"), as restructuring advisor, and to take any and all actions to advance each of each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of A&M.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring, LLC ("Epiq") as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of C Street Advisory Group, LLC, ("C Street") as communications advisor, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of C Street.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

**Cash Collateral, Debtor in Possession Financing, and Adequate Protection**

WHEREAS, certain of the Companies are parties to that certain ABL Credit and Guaranty Agreement, dated as of July 18, 2018, by and among QualTek LLC (f/k/a QualTek USA, LLC) (as successor by merger to BCP QualTek Merger Sub, LLC), as borrower, QualTek Buyer, LLC (f/k/a BCP QualTek Buyer, LLC) and certain subsidiaries of QualTek LLC (f/k/a Qualtek USA, LLC), as guarantors, PNC Bank, National Association, as administrative agent and collateral agent, and each of the lenders party thereto (the "ABL Lenders") (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "ABL Credit Agreement," and the facilities thereunder, the "ABL Facility");

WHEREAS, certain of the Companies are parties to that certain Term Credit and Guaranty Agreement, dated as of July 18, 2018, by and among QualTek LLC (f/k/a QualTek USA, LLC) (as successor by merger to BCP QualTek Merger Sub, LLC), as borrower, QualTek Buyer, LLC (f/k/a BCP QualTek Buyer, LLC) and certain subsidiaries of QualTek LLC (f/k/a Qualtek USA, LLC), as guarantors, Citibank, N.A, as administrative agent and collateral agent, and each of the lenders party thereto (the "Term Loan Lenders," and together with the ABL Lenders, the "Prepetition Secured Lenders") (as amended, restated, amended and restated, supplemented, or otherwise modified in writing from time to time, the "Term Loan Credit Agreement," and the facilities thereunder, the "Term Loan Facility"); and

WHEREAS, reference is made to (i) that certain debtor-in-possession term loan credit agreement (together with all exhibits, schedules, and annexes thereto, as amended, restated, amended and restated, supplemented or otherwise modified in writing from time to time, the "Term Loan DIP Credit Agreement") dated as of, or about, the date hereof, that sets forth the terms and conditions of the debtor-in-possession financing to be provided to Companies by the lenders listed therein (the "Term Loan DIP Lenders") and (i) that certain debtor-in-possession asset-based revolving credit agreement (together with all exhibits, schedules, and annexes thereto, as amended, restated, amended and restated, supplemented or otherwise modified in writing from time to time, the "ABL DIP Credit Agreement", and together with the DIP Term Loan Credit Agreement, the "DIP Credit Agreements") dated as of, or about, the date hereof, that sets forth the terms and conditions of the debtor-in-possession asset-based revolving credit facility to be provided to Companies by the lenders listed therein (the "ABL DIP Lenders", and together with the Term Loan DIP Lenders, the "DIP Lenders").

NOW, THEREFORE, BE IT,

RESOLVED, that each Company will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for the Prepetition Secured Lenders under the ABL Facility, and (b) the incurrence of debtor in possession financing obligations pursuant to the DIP Credit Agreements (the "DIP Financing").

RESOLVED, that in order to use and obtain the benefits of (a) the DIP Financing and (b) the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain liens, claims, and adequate protection to the Prepetition Secured Lenders and the DIP Lenders (the "DIP Obligations") as documented in a proposed order in interim and final form (the "DIP Orders") and submitted for approval to the Bankruptcy Court.

RESOLVED, that the form, terms, and provisions of the DIP Orders to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Signatories of each Company be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Orders, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the DIP Orders, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Companies, with such changes, additions, and modifications thereto as the officers of each Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

RESOLVED, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the DIP Obligations and certain obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents, including entering into fee letters with the applicable DIP agents (collectively, the "DIP Transactions"), including guaranteeing such obligations and granting liens on its assets to secure such obligations.

RESOLVED, that the Authorized Signatories of each Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company, as debtors and debtors in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of: (a) the DIP Documents; (b) such other instruments, certificates, notices, assignments, agent fee letters, and documents as may be reasonably requested by the agents; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents.

RESOLVED, that each of the Authorized Signatories of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the agents to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name each Company that the agents deem necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the agents may reasonably request to perfect the security interests of the agents under the DIP Order or any of the other DIP Documents.

RESOLVED, that each of the Authorized Signatories of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, desirable, proper, or advisable to perform any of each Company's obligations under or in connection with the DIP Order or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, individually authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's judgment, shall be necessary, advisable, convenient or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein.

RESOLVED, that the Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company.

\* \* \*

IN WITNESS WHEREOF, the undersigned, constituting the Board of QualTek Services Inc. does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

_____
Andrew Weinberg

_____
C. Scott Hisey

_____
Matthew Allard

_____
Emanuel Pearlman

_____
Dan Lafond

_____
Bruce Roberson

_____
John Kritzmacher

_____
Cielo Hernandez

_____
Alan Carr

**BEING ALL THE DIRECTORS OF QUALTEK SERVICES INC.**

IN WITNESS WHEREOF, the undersigned, constituting the Board of QualTek Services Inc. does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

_____
Andrew Weinberg

_____
C. Scott Hisey

_____
Matthew Allard

_____
Emanuel Pearlman

_____
Dan Lafond

_____
Bruce Roberson

_____
John Kritzmacher

_____
Cielo Hernandez

_____
Alan Carr

**BEING ALL THE DIRECTORS OF QUALTEK SERVICES INC.**

IN WITNESS WHEREOF, the undersigned, constituting the Board of QualTek Services Inc. does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

_____
Andrew Weinberg

_____
C. Scott Hisey

_____
Matthew Allard

_____
Emanuel Pearlman

_____
Dan Lafond

_____
Bruce Roberson

_____
John Kritzmacher

_____
Cielo Hernandez

_____
Alan Carr

**BEING ALL THE DIRECTORS OF QUALTEK SERVICES INC.**

IN WITNESS WHEREOF, the undersigned, constituting the Board of QualTek Services Inc. does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

_____
Andrew Weinberg

_____
C. Scott Hisey

_____
Matthew Allard

_____
Emanuel Pearlman

_____
Dan Lafond

_____
Bruce Roberson

_____
John Kritzmacher

_____
Cielo Hernandez

_____
Alan Carr

**BEING ALL THE DIRECTORS OF QUALTEK SERVICES INC.**

IN WITNESS WHEREOF, the undersigned, constituting the Board of QualTek Services Inc. does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

_____

Andrew Weinberg

_____

C. Scott Hisey

_____

Matthew Allard

_____

Emanuel Pearlman

_____

Dan Lafond

_____

Bruce Roberson

_____

John Kritzmacher

_____

Cielo Hernandez

_____

Alan Carr

**BEING ALL THE DIRECTORS OF QUALTEK SERVICES INC.**

IN WITNESS WHEREOF, the undersigned, constituting the Board of QualTek Services Inc. does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

_____
Andrew Weinberg

_____
C. Scott Hisey

_____
Matthew Allard

_____
Emanuel Pearlman

_____
Dan Lafond

_____
Bruce Roberson

_____
John Kritzmacher

_____
Cielo Hernandez

_____
Alan Carr

**BEING ALL THE DIRECTORS OF QUALTEK SERVICES INC.**

DocuSign Envelope ID: 2ABCFBFA-7DCC-4CEB-9D8B-A928313CE7D5

IN WITNESS WHEREOF, the undersigned, constituting the Board of QualTek Services Inc. does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

_____
Andrew Weinberg


_____
C. Scott Hisey


_____
Matthew Allard


_____
Emanuel Pearlman


_____
Dan Lafond


_____
Bruce Roberson

_____
John Kritzmacher


_____
Cielo Hernandez


_____
Alan Carr


**BEING ALL THE DIRECTORS OF QUALTEK SERVICES INC.**

IN WITNESS WHEREOF, the undersigned, constituting the Board of QualTek Services Inc. does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

_____
Andrew Weinberg

_____
C. Scott Hisey

_____
Matthew Allard

_____
Emanuel Pearlman

_____
Dan Lafond

_____
Bruce Roberson

_____
John Kritzmacher

_____
Cielo Hernandez

_____
Alan Carr

**BEING ALL THE DIRECTORS OF QUALTEK SERVICES INC.**

DocuSign Envelope ID: C11848FB-1F0D-4FFA-9888-746357D32597

IN WITNESS WHEREOF, the undersigned, constituting the Board of QualTek Services Inc. does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

_____
Andrew Weinberg

_____
C. Scott Hisey

_____
Matthew Allard

_____
Emanuel Pearlman

_____
Dan Lafond

_____
Bruce Roberson

_____
John Kritzmacher

_____
Cielo Hernandez

*Alan Carr*
Alan Carr

**BEING ALL THE DIRECTORS OF QUALTEK SERVICES INC.**

IN WITNESS WHEREOF, the undersigned represents that the applicable Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date first written above.

**QUALTEK HOLDCO, LLC**

By: **QUALTEK SERVICES INC.**, as its sole managing member

C. Scott Hisey
Its: Authorized Signatory

*[Signature Page to Joint Filing Resolutions]*

IN WITNESS WHEREOF, the undersigned represents that the applicable Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date first written above.

**QUALTEK BUYER, LLC**

By: **QUALTEK HOLDCO, LLC**, its sole member

C. Scott Hisey
Its: Authorized Signatory

IN WITNESS WHEREOF, the undersigned represents that the applicable Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date first written above.

**QUALTEK LLC**

By: **QUALTEK BUYER, LLC**, as its sole member

C. Scott Hisey
Its: Authorized Signatory

**QUALTEK LLC**

C. Scott Hisey
Its: Sole manager

*[Signature Page to Joint Filing Resolutions]*

IN WITNESS WHEREOF, the undersigned represents that the applicable Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date first written above.

**QUALTEK MIDCO, LLC**

By: **QUALTEK LLC**, its sole member

C. Scott Hisey
Its: Authorized Signatory

IN WITNESS WHEREOF, the undersigned represents that the applicable Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date first written above.

**QUALTEK FULFILLMENT LLC**
**NX UTILITIES ULC**
**ADVANTEK ELECTRICAL**
**CONSTRUCTION, LLC**
**QUALTEK MANAGEMENT, LLC**
**QUALTEK RENEWABLES LLC**
**URBAN CABLE TECHNOLOGY LLC**

_____
C. Scott Hisey
Its: Sole director, sole member, sole managing member, or sole manager, as applicable

**SITE SAFE, LLC**
**QUALSAT, LLC**
**QUALTEK RECOVERY LOGISTICS LLC**
**QUALTEK WIRELESS LLC**
**QUALTEK WIRELINE LLC**
**CONCURRENT GROUP LLC**
**THE COVALENT GROUP LLC**

**By:  QUALTEK MIDCO, LLC**, as sole member, sole managing member or sole manager, as applicable

_____
C. Scott Hisey
Its: Authorized Signatory

*[Signature Page to Joint Filing Resolutions]*

**Schedule I**

| Entity | Jurisdiction of Formation |
|---|---|
| AdvanTek Electrical Construction, LLC | Delaware |
| Concurrent Group LLC | Florida |
| The Covalent Group LLC | Pennsylvania |
| NX Utilities ULC | British Columbia |
| QualSat, LLC | Delaware |
| QualTek Buyer, LLC | Delaware |
| QualTek Fulfillment LLC | Delaware |
| QualTek HoldCo, LLC | Delaware |
| QualTek LLC | Delaware |
| QualTek Management, LLC | Delaware |
| QualTek MidCo, LLC | Delaware |
| QualTek Recovery Logistics LLC | Delaware |
| QualTek Renewables LLC | Texas |
| QualTek Services Inc | Delaware |
| QualTek Wireless LLC | Delaware |
| QualTek Wireline LLC | Delaware |
| Site Safe, LLC | Delaware |
| Urban Cable Technology LLC | Pennsylvania |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **QualTek Management, LLC** |
| United States Bankruptcy Court for the: | **Southern District of Texas** |
| | (State) |
| Case number (If known): | |

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | <u>05/24/2023</u> | ☒ */s/ Cari Turner* |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Cari Turner** |
| | | Printed name |
| | | **Chief Restructuring Officer** |
| | | Position or relationship to debtor |

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**